# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| PHILLIP LAMONT PANKEY, ) | |
| ) | Bankruptcy No. 13-0290 |
| Debtor. ) | |
| ) | |
| LORI PANKEY, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 14-09012 |
| ) | |
| v. ) | |
| ) | |
| PHILLIP L. PANKEY, ) | |
| ) | |
| Defendant. ) | |

## ORDER RE: MOTION FOR SUMMARY JUDGMENT

Plaintiff Lori Pankey brought this case to determine dischargeability of debts related to her pending divorce from Debtor. She argues that all those debts, including a debt allegedly based on Debtor's fraudulent activity, should be nondischargeable. Debtor agrees that debts arising from the marital dissolution should be nondischargeable. However, Debtor filed a Motion for Summary Judgment because he argues that Plaintiff does not have standing to argue the fraud claim and even if she did, she is judicially estopped from doing so. The Court held a telephonic hearing on this matter. Ellen Ramsey-Kacena appeared for Plaintiff,

and Derek Hong appeared for Debtor.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## STATEMENT OF THE CASE

Plaintiff argues that debts arising from the dissolution proceeding should not be dischargeable in Debtor's bankruptcy.  Debtor agrees and that issue is essentially resolved.  Plaintiff also argues that Debtor fraudulently transferred property to his father that should have been included in the marital estate.  Plaintiff asks the Court to find debts related to this transfer are not dischargeable because they are debts for martial property or debts incurred by fraud.

Debtor filed a Motion for Summary Judgment arguing that Plaintiff lacks standing to assert this argument on the additional fraud-based claims.  Debtor argues that this claim should be treated as part of Plaintiff's own bankruptcy estate from an earlier filing where it was not disclosed.  Debtor argues that the Trustee can assert the claim.  Debtor alternatively argues that even if the property were not part of Plaintiff's own earlier bankruptcy estate, then Plaintiff is judicially estopped from asserting this claim.  The Court concludes that Plaintiff does not have standing to assert this claim and grants the Motion for Summary Judgment.

## FACTUAL BACKGROUND

Plaintiff is Debtor's former spouse. They have had a dissolution of marriage case pending since 2010. Currently, the state court has issued a temporary order regarding child support, spousal support, and temporary attorney's fees.[1] The state court will ultimately determine whether Debtor did improperly and/or fraudulently transfer martial assets to his father. This case is about what happens if Plaintiff receives a property or monetary award that accounts for the improperly transferred property.

Plaintiff filed her own Chapter 7 bankruptcy on or about November 23, 2011. She did not initially list the dissolution proceeding in her Statement of Financial Affairs or any of her schedules. She listed it on the Amended Statement of Financial Affairs, but only as a pending matter. She discussed the dissolution proceeding with the Trustee in her 341 meeting. She made a passing reference to a potential fraud claim. She did not further amend her schedules or Statement of Financial Affairs to reflect her belief that she had a claim related to Debtor's fraudulent activity.

---

[1] Linn County case number: CDDM037200. It is unclear whether a property award was also included in this temporary order, but that is not material to this matter.

# CONCLUSIONS OF LAW

## I. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056 (applying Fed. R. Civ. P. 56 to adversary proceedings). Substantive law determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A material fact dispute is one that "might affect the outcome of the suit." Id. An issue is genuine when reasonable minds could differ as to the verdict of the case because of that issue. Id. at 251–52. The Court will view the facts and make "all reasonable inferences in the light most favorable to the nonmoving party." Reed v. City of St. Charles, MO, 561 F.3d 788, 790 (8th Cir. 2009).

## II. Marital Property and Domestic Support Obligations

The parties agree on the first issue. Debtor's obligations related to the dissolution proceeding will not be discharged in bankruptcy. Debtor admits that any property award from the dissolution of marriage proceeding is dischargeable. The Code specifically provides that any debt for a domestic support obligation is nondischargeable.[2] 11 U.S.C. § 523(a)(5) & (15) (2013). Thus, any property or

---

[2] There is no need to initiate an adversary proceeding to determine dischargeability when debts qualify as those defined in the Code as domestic support obligations. See 11 U.S.C. § 523(c); In re Rogwski, 462 B.R. 435, 440 n.8 (Bankr. E.D.N.Y.

4

support award in the dissolution proceeding cannot be discharged in Debtor's bankruptcy.[3]

### III. Status of the Fraud Claim

Debtor argues that Plaintiff does not have standing to assert arguments about dischargeability or exercise any control over the "fraud" portion of her claim. Debtor argues that summary judgment is appropriate at this point as a matter of law. In particular, Debtor argues that the fraud claim (if any) belongs to Plaintiff's prior bankruptcy estate. Debtor asserts that only the Trustee can bring this claim, and thus Plaintiff has no standing. Plaintiff argues in response that Trustee effectively abandoned the claim, and therefore she has standing to assert this adversary claim herself.

Section 521 of the Bankruptcy Code requires debtors to schedule their assets and liabilities. 11 U.S.C. § 521(a)(1)(i). Property is normally only abandoned by the Trustee after notice and hearing. Id. § 554(a) & (b). However, property can be abandoned without this step in certain circumstances:

> (c) Unless the court orders otherwise, any property scheduled under Section 521(a)(1) of this title not otherwise administered at the time of

---

2011) ("No adversary proceeding need be filed to obtain a determination of nondischargeability as to debts that fall within the definitions of §§ 523(a)(5) and 523(a)(15). See § 523(c).").

[3] This determination of dischargeability applies to any award in the martial dissolution, including an award of property to compensate for the alleged improper transfer of martial property.

5

the closing of a case is abandoned to the debtor and administered for the purpose of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

Id. § 554(c) & (d). Section 554 heavily implies, if not specifically dictates, that the property must be scheduled for it to be deemed abandoned without notice and hearing.

Plaintiff argues that because she told the Trustee about the potential fraud claim in the 341 meeting, that is the equivalent of scheduling the claim. She argues that Trustee received sufficient notice of a potential claim. Mentioning the potential claim to the Trustee does not have the same effect as scheduling the asset or liability. Vreugdenhill v. Navistar Inter. Transp. Corp., 950 F.2d 524, 526 (8th Cir. 1991). In that case, the Eighth Circuit reached that conclusion and explained:

> [Debtor] argues that because he never concealed the claim from the trustee and because he had previously raised the issue in his motion for an Order to Show Cause, the claim was "necessarily scheduled." Because the trustee did not pursue the claim, [Debtor] contends, the claim was administered at the close of the case and passed to the debtor by operation of law. This court finds, however, that in order for property to be abandoned by operation of law pursuant to section 554(c), the debtor must formally schedule the property before the close of the case. It is not enough that the trustee learns of the property through other means; the property must be scheduled pursuant to section 521(1).

Id. The law thus requires that Plaintiff schedule the claim for it to be considered abandoned under § 554(c). Id.

6

Here, Plaintiff did not schedule any fraud claim that she may have had against the Debtor. Plaintiff cannot claim the Trustee essentially abandoned the claim. There was no notice and hearing on abandonment or an order from the Court regarding disposition of the property. Thus, the fraud claim was not abandoned and still belongs to the Trustee on behalf of Plaintiff's bankruptcy estate.[4]

This is not a determination by the Court of either the merits of the alleged fraud or whether it could be a nondischargeable debt. See generally Zaino v. Zaino (In re Zaino), 316 B.R. 1 (Bankr. D.R.I. 2004); In re Marriage of Fennelly & Breckenfelder, 737 N.W.2d 97, 104–05 (Iowa 2007). The Court will address those matters when and if they are brought in the appropriate manner.

## CONCLUSION

For the reasons noted above, the Court concludes that Plaintiff has no standing to assert arguments on the dischargeability of the fraud claim. Because Plaintiff lacks standing, the Motion for Summary Judgment will be granted on this issue. The Court grants the Motion for Summary Judgment without prejudice and will expressly allow the Trustee to file her own motion. If the Trustee determines the claim should not be pursued, she should file a notice abandoning it to Plaintiff.

---

[4] Because the Plaintiff does not have standing to assert this adversary, there is no need to address Debtor's second argument of judicial estoppel.

7

**WHEREFORE**, Debtor cannot discharge his domestic support obligations under § 523(a)(5) and (15), and

**WHEREFORE,** the Motion for Summary Judgment is **GRANTED.**

Dated and Entered: April 6, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE